JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01516-ODW (BFMx) | Date | March 10, 2026 |
|---|---|---|---|
| Title | *Jessica Lu v. Reliance, Inc. et al* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The presence of a single defendant from the same state as a single plaintiff deprives federal courts of original diversity jurisdiction. *Id.* However, district courts *may* disregard the citizenship of defendants who have been fraudulently joined for the purposes of assessing complete diversity. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A

---

fraudulently joined defendant is one against whom the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "there is a general presumption against fraudulent joinder." *Id.* It is not enough to show that a plaintiff is unlikely to prevail on her claim; the defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Hamilton Materials*, 494 F.3d at 1206.

Plaintiff Jessica Lu filed this action in state court against Defendant Reliance, Inc. and Defendant Isaiah Stanley. Reliance removed the matter to this Court based on alleged diversity jurisdiction. (Notice Removal ¶ 1, Dkt. No. 1.) Based on a review of the documents filed in connection with removal, from which it appears that Defendant Stanley is neither diverse in citizenship from Plaintiff Lu nor fraudulently joined, the Court ordered Reliance to show cause in writing why this matter should not be remanded for lack of subject matter jurisdiction. (*See* Order to Show Cause, Dkt. No. 11.)

The Court has reviewed Reliance's Response to the Order to Show Cause, (*see* Resp., Dkt. No. 13), and finds that Reliance has failed to establish by clear and convincing evidence that there is no possibility Plaintiff could recover against Stanley based on the current pleading or an amended pleading, *see Grancare*, 889 F.3d at 549–50. As such, the Court cannot conclude that Stanley is fraudulently joined and thus cannot disregard Stanley's citizenship for the purposes of diversity jurisdiction. Therefore, the Court lacks subject matter jurisdiction and must remand.

Accordingly, this action is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California 90012, Case No. 26STCV00410.

**IT IS SO ORDERED.**

:          00

Initials of Preparer      SE